IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Conrad L. Slocumb, #145969, ) | CIVIL ACTION NO. 9:09-0458-HMH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Eileen Delaney, NP Medical; Sheronda ) | |
| Smith, RN KCI Medical; Dr. Cross, ) | |
| MD KCI Medical; Michael Beinor, ) | |
| MD SCDC Medical Director; Renee ) | |
| Williams, KCI Mental Health; Clyde ) | |
| Holliday, KCI Mental Health; and ) | |
| Jim Page, KCI Mental Health, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on October 29, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 30, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

After receiving an extension of time, Plaintiff filed a memorandum in opposition to

- 1 -



the Defendants' motion, with attached exhibits, on January 4, 2010, following which the Defendants filed a reply memorandum on February 16, 2010.

Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that he is a "mentally ill" inmate confined in the Maximum Security Unit (MSU) of the Kirkland Correctional Institution. Plaintiff alleges that because of his mental illness, he frequently engages in self-abusive and self-destructive behavior, including self mutilation. Plaintiff alleges that the Defendants are being deliberately indifferent to his serious mental health needs by keeping him in the MSU as opposed to transferring him to a facility "where the setting is conducive to treating and responding to those who require not only mental health care, but also around the clock consistent monitoring by qualified mental health care providers." Plaintiff alleges that the Defendants treat him as a behavioral problem, and not as a mentally ill inmate.

Plaintiff alleges that he does not receive adequate treatment or care for his condition from the prison officials in the MSU, nor is there a mental health care provider on call when needed to "immediately assess [Plaintiff's] state of mind." Plaintiff alleges that it often times takes up to

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

- 2 -



three days for him to see a counselor. Plaintiff alleges that the Defendants also improperly use restraints and/or condone their use as a punishment mechanism, even while he is an a manic, psychotic or hallucinatory state.

Plaintiff further alleges that on December 15, 2008, he inserted two plastic forks in the opening of his penis. However, the Defendant Smith (the on call nurse) "refused to properly assess [Plaintiff] due to his 'past history' of unwanted sex acts committed against female SCDC employees." Plaintiff alleges that the plastic forks were left in his penis the entire day, and that when he was seen the following day by the Defendant Delaney, she also refused to inspect his penis, stating that Plaintiff "was sexually perverted with an extensive history of sexual perversion." Plaintiff alleges that he did receive an x-ray on December 17, 2008, which came back inconclusive on December 29, 2008. Plaintiff alleges that he then requested to see a urologist, and the Defendant Delaney prepared the necessary paperwork. However, his request was subsequently denied by the Defendant Beinor (SCDC medical director) on December 31, 2008.

Plaintiff alleges that three weeks later, after submitting a urine sample on or around January 14, 2009, the sample came back positive for an infection, and he was then given antibiotics. Plaintiff alleges that his pain is "substantial", and that the Defendants have "still refused to remove the plastic forks stuck in his penis." Plaintiff alleges that he bleeds every time he urinates, at which time he also suffers stinging and burning sensations.

Plaintiff further alleges that he went through a similar experience in April 2008, when he stuck a twelve inch piece of rusty metal into his abdomen. Plaintiff alleges that the Defendants left this piece of metal in his abdomen for approximately four months, when it eventually "came out on its own." Plaintiff alleges that this wound also became infected, requiring antibiotics, and that

- 3 -



he was in intense pain for the four months that the metal was in his abdomen. Plaintiff alleges that the Defendants responses to his actions is to tell him: "next time you ought to think twice about sticking objects in crevices on your body and if you don't like the pain, stop doing it."

Plaintiff seeks monetary damages, including punitive damages, as well as injunctive and/or declaratory relief. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Donna Curry, who attests that she is an Administrative Specialist with Health Information Resources/Central Office Annex, SCDC. Curry attests that she has attached a true and accurate copy of the Plaintiff's SCDC Health Services Medical Summary for the dates 12/11/08 through 2/3/09 to her affidavit. See generally, Curry Affidavit, with attached Exhibit.

Plaintiff has submitted in excess of over five hundred (500) pages of exhibits with his opposition memorandum.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal



construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Plaintiff is a frequent filer of litigation in this Court who has "struck out" under the three strikes provision of 42 U.S.C. § 1915(g). Although Plaintiff did not pay the filing fee for this case, it was allowed to proceed based on a determination that Plaintiff's allegations were sufficient to fall under the imminent danger of serious physical injury exception to the three strikes rule, at least in part. Service was therefore authorized.

However, with respect to any claim Plaintiff may be asserting which arises out of the incident from 2008, when he stuck an object into his abdomen, by Plaintiff's own allegations any consequences from that event have passed and did not represent an imminent danger of physical harm to him at the time Plaintiff filed this lawsuit. Therefore, since Plaintiff is "struck out" under § 1915(g), and he did not pay the filing fee for this case, any claim based on that event is subject to dismissal. Merriweather v. Reynolds, 586 F.Supp.2d 548, 552 (D.S.C. 2008)["In order to make a valid allegation of imminent danger of physical harm, the danger must exist at the time the Complaint is filed"].

**II.**

With respect to the remainder of Plaintiff's claims (that the Defendants are being deliberately indifferent to his ongoing serious mental health needs as well as that they have been deliberately indifferent to his medical needs as a result of the incident of December 15, 2008 - which, according to the Plaintiff, has still never been treated and occasions bleeding and intense pain every



time he urinates), Defendants initially argue in their brief that the Complaint should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a) "[n]o action shall be brought with respect to prison conditions under Section 1983 of this Title, or any other federal law ,by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

However, failure to exhaust is an affirmative defense, with the Defendants having the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005)[Inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Defendants here have offered no evidence to prove this affirmative defense; rather, they only argue in their brief that Plaintiff states in his verified complaint, at Section II, that he filed a grievance concerning his claims (Grievance No. MSU 0012-09), and that he pursued "informal resolution" which was "negative". However, this section of the Complaint also states that Plaintiff did receive a final Agency/Departmental/Institutional answer and determination concerning his grievance. Further, in his response to the Defendants' motion for summary judgment, Plaintiff argues that the Defendants refused to process his grievance past the initial stage, telling him his complaints would be addressed in a previous lawsuit he had filed (Slocumb v. Ozmint, et al., Civil Action No. 9:07-3903). See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable].



While Defendants argue in their brief that Plaintiff did not fully exhaust his administrative remedies prior to filing this lawsuit, they have (as previously noted) offered no *evidence* to support this argument. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence.]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; *cf.* Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. Hence, the undersigned cannot find that the Defendants have met their burden of proving their affirmative defense that Plaintiff failed to exhaust his administrative remedies, as they have submitted no evidence (such as affidavits or copies of Plaintiff's grievance showing the action taken thereon) to entitle them to dismissal of Plaintiff's claim on this ground.

Therefore, the Defendants are not entitled to dismissal of this action at this time for failure of the Plaintiff to exhaust his administrative remedies. Anderson, 407 F.3d at 683 [Inmate's failure to exhaust administrative remedies is an affirmative defense to be proved by the defendant].

**III.**

With respect to the merits of Plaintiff's claims, the Defendants have submitted a true and correct copy of Plaintiff's institution medical summary for December 11, 2008 through February 3, 2009. These medical records describe in some detail Plaintiff's complaints and treatment regarding his claim that he had stuck a foreign object into his penis. While the Defendants have submitted no affidavits, copies of deposition testimony, or any other exhibits setting forth the medical care Plaintiff received, the medical summaries they have provided are sufficient to defeat Plaintiff's claim concerning the incident of December 2008, as they clearly show that Plaintiff was



seen repeatedly and on numerous occasions for this complaint, with seven separate entries for December 15, 2008 alone. These records reflect that, upon his initial complaint, an inspection of Plaintiff's penis was made and no spoon or any other object was found, that Plaintiff was ambulating and in no acute distress, that there was no sign of bleeding, and that Plaintiff was observed voiding "amber colored urine" without difficulty. The following day, December 16, 2008, Plaintiff was again able to urinate, had no hematuria, and was even observed laughing as he walked into the examination room. These medical records also reflect that Plaintiff received x-rays, which did not reveals any "sporks" in his penis. A fair reading of these medical summaries also shows that on December 17, 2008, Plaintiff refused to let a male nurse examine his penis, insisting that the wanted a female nurse to do so.

In contrast to this medical evidence showing that Plaintiff's complaint was considered and addressed by medical personnel at the prison, Plaintiff has presented no evidence to show that any named Defendant was deliberately indifferent to his medical needs arising out of this incident. Rather, Plaintiff only generally alleges in his complaint that medical personnel refused to provide him the treatment he desired, while making claims of non-treatment which are specifically refuted by the medical evidence. Cf. Sylvia Dev. Corp. v. Calvert County, MD., 48 F.3d 810,818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]. Nothing in Plaintiff's over five hundred (500) pages of exhibits (attached to his memorandum in opposition to summary judgment) contradicts Defendants' record evidence,



nor do Plaintiff's exhibits provide support for his claim relating to this incident.

While Plaintiff may not agree with the extent and nature of the medical care he received with respect to this incident, he cannot simply allege in a conclusory fashion that he did not receive adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment, particularly when the Defendants have submitted medical documents which refute his claims. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennen, 511 U.S. 825, 837 (1994).

Plaintiff may, of course, pursue a claim in state court if he believes the medical care he has received has been inadequate with respect to this claim. However, the evidence before the



Court is insufficient to raise a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs with respect to the incident of December 15, 2008, the standard for a constitutional claim, and therefore Plaintiff's federal § 1983 medical claim with respect to this incident should be dismissed. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle v. Gamble, 429 U.S. 97, 106 (1976)["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

## IV.

With respect to of Plaintiff's remaining claim; i.e., that he is not being properly treated for his mental condition, resulting in serious complications and episodes of self mutilation; the medical records attached to Plaintiff's memorandum, as well as Defendants own submission of Plaintiff's medical records, are sufficient to give rise to a genuine issue of fact with regard to whether the Plaintiff is suffering from serious mental health issues for which he is on various medications, and is frequently seen for episodes of self mutilation and other complaints. The Defendants have pointed to no evidence[3] to refute the verified claims in Plaintiff's complaint that he is not being

---

[3] Rule 56 does not impose upon the District Court a duty to sift through the record in search of evidence to support a litigant's claims on summary judgment. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994); Malina v. Baltimore Gas & Elec., 18 F.Supp.2d 596, 604 (D.Md. 1998); Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d
(continued...)



adequately treated for his condition, resulting in serious health problems, and on summary judgment, this Court is required to consider the facts presented, and all inferences to be drawn from those facts, in the light most favorable to the non-moving party. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980); see Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), overruled on other grounds, 490 U.S. 228 (1989). Therefore, in considering whether summary judgment for the Defendants on this claim is appropriate, the undersigned must assume that the Plaintiff's version of the facts is true. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991); Davis v. Zahradenick, 600 F.2d 458, 460 (4th Cir. 1979).

        Assuming the truth of Plaintiff's version of the facts, there is at least a genuine issue of fact with respect to whether Plaintiff is receiving proper medical care and treatment for a serious mental health condition. Defendants have directed the Court to no competent evidence to show the extent and nature of care Plaintiff is receiving with respect to his overall condition, and whether it meets the proper standard of care for his impairment, and the undersigned cannot find as a matter of law based on Plaintiff's verified allegations and the evidence submitted (considered in the light most favorable to him) that "[n]o reasonable trier of fact could conclude" that a violation of Plaintiff's right to adequate medical care is not occurring. Spratley v. Hampton City Fire Dept., 933 F.Supp. 535, 542 (E.D.Va. 1996), aff'd 125 F.3d 848 (4th Cir. 1997).[4] Therefore, the Defendants are

---

[3](...continued)
207, 215 (4th Cir. 1993), cert. denied sub nom, Price v. City of Charlotte, 420 U.S. 1116 (1997).

[4] While Defendants also argue that they are entitled to qualified immunity in this case, assuming the truth of Plaintiff's allegations, the Defendants, all medical professionals, would not be entitled to qualified immunity if they are in fact failing to provide Plaintiff with proper medical care for a serious mental health condition. Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994)[Qualified immunity shields a governmental official from liability for civil monetary damages only if the
(continued...)



not entitled to summary judgment on this claim.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' Motion for summary judgment with respect to Plaintiff's claim that he is in general being denied adequate medical care and treatment for his serious mental health condition since the dismissal of Slocumb v. Ozmint, et. al., Civil Action No. 9:07-3903, be **denied**.[5]  In all other respects, however, it is recommended that the Defendants' Motion for summary judgment be **granted,** and that any other claims being asserted by the Plaintiff in this case be **dismissed,** with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 2, 2010
Charleston, South Carolina

---

[4](...continued)
officer's conduct does not violate a clearly established statutory or constitution right of which a reasonable person would have known.].  Plaintiff alleges that all of the named Defendants are involved in his medical care.

[5] Defendants note in their brief that one of Plaintiff's previous civil actions (Civil Action No. 9:07-3903) encompassed many of these same claims, and that it was dismissed with prejudice. That previous case dismissal bars any claims Plaintiff is making with regard to his medical care which pre-date that lawsuit. Cf. Wiles v. Ozmint, No. 09-634, 2009 WL 3417580 at * 1 (D.S.C. Oct. 20, 2009). However, Plaintiff's claims with respect to the treatment and care he is receiving in the MSU since the dismissal of that lawsuit remain viable. Id; see also Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 430 (1st Cir. 2005) (quoting Kilgoar v. Colbert County Bd. of Educ., 578 F.2d 1033, 1035 (5th Cir. 1978)["Subsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action."].

- 12 -



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

