IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Conrad L. Slocumb, #197165, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9:09-458-HMH-BM |
| ) | |
| vs. ) | |
| ) | |
| Eileen Delaney, NP Medical; Sheronda ) | **OPINION & ORDER** |
| Smith, RN KCI Medical; Dr. Cross, MD ) | |
| KCI Medical; Michael Bejhor, MD SCDC ) | |
| Medical Director; Renee Williams, KCI ) | |
| Mental Health; Clyde Holliday, KCI Mental ) | |
| Health; and Jim Page, KCI Mental Health, ) | |
| personal and official capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Conrad L. Slocumb ("Slocumb"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights by Defendants. Defendants filed a motion for summary judgment on October 29, 2009. In his Report and Recommendation, Magistrate Judge Marchant recommends granting in part and denying in part Defendants' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

# I. Factual and Procedural History

Slocumb is currently incarcerated at the Kirkland Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. Slocumb filed a complaint against Defendants on February 24, 2009, alleging "deliberate indifference to serious medical needs." (Compl. ¶ II.) Although Slocumb has received three strikes pursuant to 28 U.S.C. § 1915(g), he was allowed to proceed "based on a determination that Plaintiff's allegations were sufficient to fall under the imminent danger of serious physical injury exception to the three strikes rule, at least in part." (Report and Recommendation 5.) In his complaint, Slocumb alleges that Defendants have failed to "surgically remove foreign [objects] from his scrotum that [were] made known to the Defendants since December 15th 2008." (Compl. ¶ V.) Additionally, Slocumb alleges that he has been denied adequate medical care and treatment for his serious mental health condition. (Id. ¶ IV.)

On December 15, 2008, Slocumb "inserted 2 plastic forks in the opening of his penis" ("the December 2008 incident") and alleges that portions of the plastic forks remain within his body due to a lack of medical care. (Id.) Defendants filed a motion for summary judgment on October 29, 2009, and Slocumb filed a memorandum in opposition on January 4, 2010. Magistrate Judge Marchant recommends denying "Defendants' Motion for summary judgment with respect to [Slocumb's] claim that he is in general being denied adequate medical care and treatment for his serious mental health condition" and recommends granting Defendants' motion for summary judgment "in all other respects." (Report and Recommendation 12.) Slocumb filed objections to the Report and Recommendation on March 15, 2010. Defendants filed objections on March 19, 2010.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**B. Objections**

Slocumb and Defendants filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

**1. Slocumb's Objections**

Upon review, the court finds that many of Slocumb's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Slocumb asserts that the magistrate judge erred in finding that he received adequate medical care because "it has been [one] year since [he received care] and the second plastic [fork] is yet to be removed." (Slocumb Objections 4.) "For a constitutional tort to arise and for a cause of action to be stated under § 1983, the complainant must allege deliberate indifference to his continued health and well-being." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). Slocumb alleges that the remains of the plastic fork from the December 2008 incident are still within his body. The objective medical evidence presented, however, does not support Slocumb's allegations.

On the day of the December 2008 incident Slocumb was inspected by a nurse who reported that she could not find a fork or any object in Slocumb's penis. (Pl. Mem. Opp'n Summ. J. Attach. 4 (Medical Records 19).) On the same day, Slocumb's medical records state

that he displayed "no bleeding and no sign of a foreign object in the penis" and was "ambulating and talking without difficulty." (Id. Attach. 4 (Medical Records 18-19).) Slocumb also received an x-ray which did not reveal any foreign objects within his body. (Id. Attach. 4 (Medical Records 14-15).) On December 18, 2008, Slocumb continued to complain about pain in his penis and "stated that he would like someone from medical to feel for where the objects are and remove them." (Id.) On December 21, 2008, Slocumb's medical records reveal that he continued to complain about the pain in his penis yet showed no signs of distress and was observed using the restroom without difficulty. (Id. Attach. 4 (Medical Records 13).) Slocumb's medical records reveal that he has received proper and adequate care for his self-inflicted injury. On the day of the December 2008 incident, Slocumb was seen by SCDC medical staff on eight different occasions. Moreover, in the days following the December 2008 incident, Slocumb continued to receive medical care about his alleged pain.

Slocumb has provided no evidence to demonstrate an deliberate indifference to his medical needs. As such, Slocumb's objection is without merit.

### 2. Defendants' Objections

Defendants submitted three specific objections: the magistrate judge erred in concluding that Slocumb (1) has been denied adequate care and treatment for his mental health condition; (2) has exhausted his administrative remedies; and (3) is able to pursue a lawsuit "due to the imminent danger of serious physical injury exception." (Defendants' Objections 1-2.)

First, Defendants object to the magistrate judge's conclusion that there is a genuine issue of fact with respect to whether Slocumb has been denied proper medical care and treatment for his mental health condition. (Id. at 3-7.) The magistrate judge concluded that "Defendants have

directed the Court to no competent evidence to show the extent and nature of care [Slocumb] is receiving with respect to his overall condition, and whether it meets the proper standard of care for his impairment." (Report and Recommendation 11.)

According to Defendant Dr. Michael Cross ("Dr. Cross"), an SCDC mental health physician, Slocumb "has been seen by the mental health medical staff of the SCDC on a regular basis since the time of his initial incarceration." (Defendants' Objections Ex. 3 (Dr. Cross Aff. ¶ 3).) On December 16, 2008, the day after Slocumb allegedly inserted plastic fork within his body, Slocumb "was seen by [Defendant Clyde Holliday ("Holliday")] to assess his mental health functioning." (Pl. Mem. Opp'n Summ. J. Attach. 4 (Medical Records 16).) Slocumb visited the mental health clinic again on December 17, 18, 22, and 29, 2008. Slocumb has presented no evidence, outside of his own assertion that he is in need of additional mental health care, to establish that Defendants have acted with deliberate indifference to his continued health and well-being. As discussed above, Slocumb must allege deliberate indifference to his continued health and well-being. "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." Bowring, 551 F.2d at 48. Upon review of the evidence in the record, the court finds that there is no genuine issue of material fact regarding the adequacy of Slocumb's mental health care. Thus, Defendants are entitled to summary judgment on this issue.

Defendants also argue that Slocumb failed to exhaust his administrative remedies prior to filing his complaint. (Defendants' Objections 7.) "Exhaustion [under the Prison Litigation Reform Act ("PLRA")] . . . is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006).

"[P]risoner[s] must . . . exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative process." Id.

> [In] order to exhaust the [SCDC] administrative remedies, an inmate must fill out a Form 10-5, Step 1 grievance, and give the form to the Institutional Inmate Grievance Coordinator within fifteen days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review, with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden. A responsible official has sixty days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983.

Penny v. McBride, No. 8:08-2404-PMD, 2009 WL 1346126, at *2 (D.S.C. May 13, 2009) (unpublished). Slocumb filed a Step 1 Grievance form on January 22, 2009. (Defendants' Objections Ex. 8 (Step 1 Grievance Form).) Slocumb's grievance was denied on January 28, 2009. Slocumb filed an appeal on February 3, 2009. (Id.) His appeal was denied on February 17, 2009. (Id.) Slocumb signed his Step 2 appeal form on February 24, 2009, acknowledging that he exhausted the appeals process. (Id.) Slocumb's complaint is dated February 18, 2009. Accordingly, the court finds that Slocumb properly exhausted his administrative remedies as the final decision of the responsible official was signed on February 17, 2009.

Lastly, Defendants argue that Slocumb is unable to pursue a lawsuit under the imminent danger of serious physical injury exception to the three strikes rule. (Id. at 10.)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

7

> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g). Slocumb has not presented any evidence to establish that he is under imminent danger of serious physical injury. As discussed above, Slocumb has not shown that Defendants have shown deliberate indifference to his mental or physical medical needs. As such, pursuant to 28 U.S.C. § 1915(g), Slocumb's complaint must be dismissed as he has "struck-out."

Based on the foregoing, the court adopts the portions of the Report and Recommendation of Magistrate Judge Marchant that are consistent with this opinion and grants Defendants' motion for summary judgment.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 28, is granted.

**IT IS SO ORDERED.**

                                                   s/Henry M. Herlong, Jr.
                                                   Senior United States District Judge

Greenville, South Carolina
March 30, 2010

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.